NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JIMMY B., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, R.B., *Appellees.*

No. 1 CA-JV 16-0287
FILED 12-29-16

Appeal from the Superior Court in Yavapai County
No. P1300JD2015-00085
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer, PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel E. Vederman[1] delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**V E D E R M A N**, Judge:

¶1        Jimmy B. ("Father") appeals the juvenile court's order terminating his rights to R.B.[2]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Father is the biological parent of R.B., born December 2013. The Department of Child Safety ("DCS") took temporary custody of R.B. in October 2015 after reports of neglect by Mother.[3]  Father had never seen R.B. and was incarcerated at the time these proceedings were initiated. Father was released in March 2016, but he currently lives in Texas and has not had any communication with R.B.

¶3        The juvenile court adjudicated the child dependent as to Mother in March 2016 and Father in May 2016.  In May 2016, R.B.'s guardian ad litem moved to terminate both Mother's and Father's parental rights.  As to Father, the guardian ad litem alleged abandonment and neglect as grounds for termination.  A hearing regarding the severance was held in June 2016.

¶4        On the day of the hearing, Father was to testify telephonically. Father's attorney confirmed at the hearing that he spoke to Father and advised him of the number to call and the time of the hearing.  He further

---

[1]        The Honorable Samuel E. Vederman, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        Shannon W. ("Mother") also had her parental rights terminated in the same order, but did not take part in this appeal.

[3]        DCS found Mother's home had no electricity and she was unable to provide basic necessities for R.B., including milk and diapers.  Mother also admitted to drug use in the home.

emphasized to Father the importance of his testimony. Court staff confirmed after the hearing's scheduled start time that Father had not called into the court. Father's attorney advised the juvenile court that he had a phone number for Father, but the court declined to call him because, "He was to call us." The juvenile court found that Father failed to appear without good cause and treated that failure as an admission to the allegations contained in the motion to terminate the parent-child relationship. The juvenile court then took testimony from the DCS case worker assigned to R.B. and ordered severance of Father's parental rights based on both abandonment and neglect under Arizona Revised Statutes section 8-533(B)(1) and (2) (Supp. 2015). Father timely appealed.

## DISCUSSION

**¶5**        Father argues the trial court erred by terminating his parental rights after he failed to appear at the initial hearing. Father asserts that he was deprived of due process because the juvenile court did not call him before proceeding with the hearing. Father does not argue that there was insufficient evidence in the record to support the statutory grounds for termination or that termination was not in the child's best interest.

**¶6**        We review constitutional claims de novo. *Emmett McLoughlin Realty, Inc. v. Pima Cty.*, 212 Ariz. 351, 355, ¶ 16 (App. 2006). While parents possess a fundamental liberty interest in the custody of their children, those rights are not absolute. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). Parental rights may be terminated upon a finding that there is clear and convincing evidence establishing a statutory ground for severance under A.R.S. § 8-533, and that severance is in the best interests of the child. *Id.* A court may sever parental rights so long as parents are provided with fundamentally fair procedures that satisfy due process requirements. *Id.* (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)). "In termination proceedings, due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 92, ¶ 16 (App. 2005) (quotation and citation omitted).

**¶7**        In this case, the juvenile court confirmed that Father's counsel had spoken with Father the day before the hearing and had confirmed both the time of the hearing and the number he was to call. In addition, Father's counsel told the court he advised Father why it was important he appear at the hearing. Furthermore, Father received notice in accordance with Arizona Rule of Procedure for the Juvenile Court 64(C), which advises a

parent that failure to appear at the initial hearing without good cause may result in a finding that the parent has waived legal rights and admitted the allegations in the motion for termination, and that the proceedings may go forward in their absence. Thus, Father knew the date and time of the severance hearing and he was aware of the consequences if he failed to call in.

¶8        Father was afforded an opportunity to present his case both by his counsel being present at the hearing and by having the opportunity at the court's discretion to telephonically present testimony. *See* Ariz. R.P. Juv. Ct. 42. The fact that Father did not take advantage of this opportunity does not mean he was deprived of due process. Father argues that the court should have afforded him "every opportunity" by trying to reach him at the telephone number that his attorney had for him. However, due process does not require the court to provide every opportunity imaginable to reach a party, only reasonable notice and an opportunity to present their objections. *See Monica C.*, 211 Ariz. at 92, ¶ 16. Accordingly, the juvenile court did not err in its decision to proceed with the hearing.

¶9        Arizona Rule of Procedure for the Juvenile Court 66(D)(2) does still require "sufficient support" in the record to terminate a parent's rights. *See Manuel M.*, 218 Ariz. at 214, ¶ 31. Here, Father was incarcerated at the time R.B. was taken into custody and has never met the child. He did not send any cards or letters to R.B. and has not provided any financial support. Accordingly, the record supports the court's finding of abandonment and the severance was in R.B.'s best interests.

**CONCLUSION**

¶10        For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights.

